FILED
CLERK U.S. DISTRICT COURT
JUL 17 2012
CENTRAL DISTRICT OF CALIFORNIA
BY                          DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>        Plaintiff,<br><br>vs.<br><br>EDUARDO FLORES, et al.,<br><br>        Defendants. | CASE NO.  CV 12-5718 UA (DUTYx)<br><br>ORDER SUMMARILY REMANDING IMPROPERLY-REMOVED ACTION |

The Court will remand this unlawful detainer action to state court summarily, because it was removed improperly.

On July 2, 2012, Defendant Eduardo Flores, having been sued in what appears to be a routine unlawful detainer action in California state court, lodged a Notice Of Removal of that action to this Court and also presented an application to proceed *in forma pauperis*. The Court has denied the latter application under separate cover, because the action was not properly removed. To prevent the action from remaining in jurisdictional limbo, the Court issues this Order to remand the action to state court.

There is no basis for concluding that Plaintiff could have brought this unlawful detainer action in federal court in the first place, in that Defendant does not competently allege facts supplying either diversity or federal question jurisdiction, and therefore, removal is improper. 28 U.S.C. § 1441(a); *see Exxon Mobil Corp v. Allapattah Svcs., Inc.*,

545 U.S. 546, 563, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005). The amount in controversy does not exceed the diversity jurisdiction threshold of $75,000. *See* 28 U.S.C. §§ 1332, 1441(b). On the contrary, the civil cover sheet filed with the unlawful detainer complaint asserts that the amount in controversy does not exceed $25,000. Nor does Plaintiff's unlawful detainer action raise any federal legal question. *See* 28 U.S.C. §§ 1331, 1441(b).

Accordingly, IT IS ORDERED that (1) this matter be REMANDED to the Superior Court of California, Los Angeles County, 7500 East Imperial Highway, Downey, CA 90242, for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c); (2) that the Clerk send a certified copy of this Order to the state court; and (3) that the Clerk serve copies of this Order on the parties.

IT IS SO ORDERED.

DATED: July 17, 2012

                                                   AUDREY B. COLLINS
                                                   CHIEF UNITED STATES DISTRICT JUDGE